IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERENA LOVSTON, an Arkansas
resident on behalf of herself and all
other Arkansas residents similarly
situated                                                                    PLAINTIFF

v.                              Case No. 4:11-cv-460-DPM

SKECHERS USA, INC.                                                 DEFENDANT

ORDER

This case echos *Murphy v. Reebok International, Ltd.*, 2011 WL 1559234 (E.D. Ark. 22 April 2011): a removed putative class action about toning shoes with damage-cap stipulations from Plaintiff and her lawyers. Lovston's early motion for class certification came over with the complaint. Arguing from the first-filed rule and the then-pending request for an interlocutory appeal in a companion case, Skechers has moved to dismiss, transfer, or stay. Lovston has not responded to that motion or moved to remand.

The companion case, *Tomlinson v. Skechers USA, Inc.*, No. 5:11-cv-5042 (W.D. Ark.), raised the identical jurisdictional issue; and waiting for the Court of Appeals' decision on the merits of that issue would have made good sense.

But the Eighth Circuit recently denied Skechers' petition for leave to appeal. Though Skechers' petition for rehearing *en banc* remains pending, the mandate has issued and that door looks shut. Skechers intends to petition for *certiorari*, which is always a long shot and will take many months in any event.

The request to dismiss or transfer is imminently reasonable given the other pending federal cases that were filed long before this one. The power to dismiss or transfer on this basis, however, assumes subject matter jurisdiction. And for the reasons elaborated in *Murphy*, this Court concludes it has no jurisdiction given the binding stipulations. (The Court does take this opportunity to correct a mistaken statement of law it made in *Murphy*: under the Class Action Fairness Act, no one-year limitation on removal petitions exists. *Compare* 28 U.S.C.A. § 1453(b) (West 2006), *with Murphy*, 2011 WL 1559234, at *3.)

This case is therefore remanded to the Circuit Court of Lonoke County, Arkansas, for want of jurisdiction. Skechers' motion to dismiss, transfer, or stay, *Document No. 6*, is denied as moot. The class-certification issue remains unresolved. Because the Court is acting without a motion on the

jurisdictional issue, the remand is stayed until 5 August 2011. The Court invites the parties' arguments on this planned disposition in the meantime.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

<u>19 July 2011</u>