IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERENA LOVSTON, an Arkansas resident
on behalf of herself and all other
Arkansas residents similarly situated                                PLAINTIFF

v.                              No. 4:11-cv-460-DPM

SKECHERS USA, INC.                                                    DEFENDANT

ORDER

The Court will follow its intended course of action and remand this case to state court for lack of subject matter jurisdiction. As Skechers points out, there is good authority for ruling on a motion to dismiss, transfer, or stay based on the first-filed rule before answering the jurisdictional question. *E.g., Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1362–63 (M.D. Ala. 1998). But this is a matter of discretion. There is, as Lovston indicates, equally good authority for taking on the jurisdictional issue first. *E.g., Tomlinson v. Skechers USA, Inc.*, No. 5:11-cv-5042-JLH (W.D. Ark. 25 May 2011) (order granting Tomlinson's motion to remand), *cert. denied*, 132 S. Ct. 551 (7 Nov. 2011) (No. 11-287); *Alvarez v. Limited Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL

2317125 (S.D. Cal. 8 Aug. 2007).

The Court concludes, all material things considered, that jurisdiction can and should be resolved first here. This federal Court lacks subject matter jurisdiction based on the binding stipulations. Skechers fought and lost this issue in the *Tomlinson* case. This case is therefore remanded to the Circuit Court of Lonoke County, Arkansas.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

12 July 2012